NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2050
_____

MARIAN L. HAND (Widow of DALLAS HAND),
Petitioner

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondent
_____

On Appeal from a Decision and Order
of the Benefits Review Board
(BRB No. 10-0389 BLA)
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
September 22, 2011

Before: SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: October 5, 2011)
_____

OPINION
_____

PER CURIAM

Marian Hand, proceeding pro se, petitions for review of a decision of the Benefits

Review Board ("BRB") affirming the denial of her claim for survivor's benefits under the

1

Black Lung Benefits Act, 30 U.S.C. §§ 901-944. For the reasons that follow, we will deny the petition for review.

Hand is the widow of Dallas Hand, who passed away in 1982. Shortly after her husband's death, Hand filed a claim for survivor's benefits under the Black Lung Benefits Act. In 1987, the BRB affirmed the Administrative Law Judge's denial of benefits because the evidence did not show, among other things, that Dallas Hand's death was due to pneumoconiosis. Hand filed another claim, which was treated as a request for modification of the denial of benefits. In 1990, the BRB affirmed the Administrative Law Judge's denial of Hand's request for modification.

In 1992 and 1999, Hand filed two more claims for benefits. In both instances, an Administrative Law Judge denied Hand's claims pursuant to 20 C.F.R. § 725.309(d) (2000), which provided that, absent a material change in conditions, a new claim for benefits shall be denied where an earlier claim has been finally denied, unless the later claim meets the requirements for a request for modification. Because Hand's new claims were filed more than one year after her initial claim was finally denied in 1990, her claims did not meet those requirements. The BRB affirmed these decisions and Hand unsuccessfully filed petitions for review in our Court. See C.A. Nos. 97-3529; 00-4303.

Hand filed another claim for benefits in 2003. The applicable regulations had been amended and, effective January 2001, provided that a new claim filed more than one year after the denial of a previous claim shall be denied unless the claimant showed that one of the "applicable conditions of entitlement" had changed. 20 C.F.R. § 725.309(d)

2

(2010). After a hearing, an Administrative Law Judge denied Hand's claim. In 2005, the BRB affirmed and denied Hand's motions for reconsideration. Hand then wrote a letter to the district director, which was treated as a request for modification of the denial. In 2008, the BNB affirmed the Administrative Law Judge's denial of the request and denied Hand's request for reconsideration.

Hand again requested modification of the denial of benefits and the matter was referred for a hearing. The Director of the Office of Workers' Compensation Programs (the "Director") filed a motion to dismiss Hand's claim, asserting that her claim was precluded by § 725.309(d). The Administrative Law Judge granted the Director's motion and ruled that Hand was not entitled to a hearing. In February 2011, the BNB affirmed. This petition for review followed. The Director has moved for summary affirmance of the BRB's decision, which we construe as a motion for summary denial of the petition for review.

Under the Black Lung Benefits Act, coal miners who are totally disabled due to pneumoconiosis arising out of coal mine employment, and surviving dependents of miners whose deaths were due to this disease, are entitled to benefits. 30 U.S.C. § 901(a). Because pneumoconiosis is a latent disease, a coal miner whose initial claim for benefits is denied may bring a new claim at a later time if he subsequently becomes totally disabled. Labelle Processing Co. v. Swarrow, 72 F.3d 308, 314 (3d Cir. 1995).

Effective January 2001, a claim filed more than one year after a final order denying a previous claim is considered a "subsequent claim for benefits." 20 C.F.R.

3

§ 725.309(d) (2010). As noted above, such a claim shall be denied unless the claimant shows that one of the "applicable conditions of entitlement" has changed since the prior order became final. Id. The conditions of entitlement for a surviving spouse are that the spouse is not married and was dependent on the miner and that the deceased miner was receiving benefits or his death was due to pneumoconiosis. Id. § 725.212. For purposes of § 725.309(d), the applicable conditions of entitlement are limited to those conditions upon which the prior denial was based. Id. § 725.309(d)(2). In addition, "[a] subsequent claim filed by a surviving spouse . . . shall be denied unless the applicable conditions of entitlement in such claim include at least one condition unrelated to the miner's physical condition at the time of his death." Id. § 725.309(d)(3).

Here, the BRB affirmed the denial of Hand's initial claim for benefits in 1987 and her related request for modification in 1990. The present claim was filed more than one year later and is thus a "subsequent claim for benefits." Applying the regulations noted above, Hand's claim can only succeed if she asserts a change in an applicable condition of entitlement unrelated to her husband's physical condition at the time of his death. As explained in the Director's motion, no change in a deceased miner's physical condition is possible after a survivor's initial claim for benefits is denied.

The BNB correctly recognized that the only applicable condition of entitlement that Hand did not initially establish was that her husband's death was due to pneumoconiosis. Thus, there is no condition of entitlement unrelated to her husband's physical condition upon which the prior denial of benefits was based. Because Hand is

4

unable to satisfy the exception to the denial of a subsequent claim for survivor's benefits contained in § 725.309(d)(3), the BRB did not err in concluding that her claim fails as a matter of law.[1]

We also find no error in the BRB's affirmance of the Administrative Law Judge's decision not to conduct a hearing. The BRB acknowledged that, absent waiver by the parties or a motion for summary judgment, the regulations require a hearing on a claim for benefits. We agree with the BRB that the Director's motion to dismiss was equivalent to a request for summary judgment because Hand's claim is precluded as a matter of law.

Accordingly, the Director's motion for summary denial of the petition for review is granted and the petition for review will be denied.

---

[1]In her filings in this Court, Hand appears to contend that § 725.309(d)(3) does not apply because she has continuously and timely asserted her rights. We agree with the Director that the regulation applies because Hand filed her current claim more than one year after her initial claim was denied.